**STANDARD DISTRIBUTING, INC.,**
Employer Below/Appellant,

v.

Charles J. HALL, Jr., Claimant
Below/Appellee.

No. 157, 2005.

Supreme Court of Delaware.

Submitted: Nov. 7, 2005.
Decided: Jan. 9, 2006.

J.R. Julian, of J.R. Julian, P.A., Wilmington, DE, for Appellant.

Matthew M. Bartkowski, of Kimmel, Carter, Roman & Peltz, P.A., Newark, DE, for Appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices, constituting the Court en banc.

RIDGELY, Justice.

Standard Distributing, Inc. ("Employer") appeals the judgment of the Superior Court which affirmed a decision of the Industrial Accident Board ("Board") in favor of Charles Hall ("Claimant"). Claimant injured his back while working for Employer, and Employer paid medical expenses for the treatment of a lower back injury. After he was referred to a psychiatrist by his treating physician, Claimant petitioned the Board for additional compensation for that expense. The Board found that Claimant's psychiatric treatment was causally related to the industrial accident and compensable. Employer appealed to the Superior Court, which affirmed the decision of the Board.

In this appeal, Employer contends that the Superior Court erred in affirming the Board's decision because Claimant failed to demonstrate through competent substantial evidence that his condition and treatment were causally related to the industrial accident. We find that the decision of the Board was supported by substantial evidence and free of legal error. Accordingly, we affirm.

### I.

Claimant suffered a work-related injury to his lower back that required three surgical procedures. These surgeries did not provide relief from constant pain in his back and legs. When Claimant testified before the Board years after the accident, he explained that he was still experiencing severe spasms, an inability to walk, constant pain down his legs, and depression.

Claimant did not have any history of psychological or psychiatric treatment pri-

or to the industrial accident. In the years following the accident, Claimant had a number of problems in his personal life as he was being treated for his work injury. His physician referred him to Dr. Jay Weisberg, who provided psychiatric treatment to Claimant for anxiety and depression. When Employer refused to pay for the services of Dr. Weisberg, Claimant petitioned the Board for additional compensation due.

At the board hearing, two psychiatrists testified without objection by deposition. One was Dr. Weisberg, on behalf of Claimant, and the other was Dr. Daniel Freedenburg on behalf of Employer. At the time of Dr. Weisberg's deposition, Employer "stipulated" to his qualifications. Dr. Weisberg testified that Claimant's injuries and psychiatric treatment were employment related. Dr. Daniel Freedenburg was called by Employer to testify about his two examinations of Claimant. Dr. Freedenburg explained that Claimant's injuries were due to numerous problems unrelated to the industrial accident. However, the Board found that Claimant "suffered ... depression as a result of [an] earlier work accident [and] that the treatment offered by [claimant's psychiatrist] was reasonable, necessary, and causally related to the work accident."

Employer challenged the sufficiency of Dr. Weisberg's testimony on appeal to the Superior Court. Employer argued that his testimony did not meet the substantial evidence test because Dr. Weisberg did not use the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition ("DSM–IV"). In the alternative, Employer argued that Dr. Weisberg did not use the DSM–IV properly in his diagnosis. Employer argued, for the first time, that Dr. Weisberg's testimony did not satisfy the standards of *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.,*[1] and *Kumho Tire Co. v. Carmichael.*[2] The Superior Court held that Employer waived the right to make a *Daubert/Kumho* objection by its failure to object before the Board, that the Board's decision was supported by substantial evidence, and that the Board committed no errors of law. This appeal followed.

### II.

■ Employer contends that the Superior Court erred in affirming the Board because Claimant failed to demonstrate through competent substantial evidence that his condition and treatment were causally related to the industrial accident. It argues that it is not practical to assert a *Daubert/Kumho* objection before the Board because of limited discovery, the need to take depositions in a "truncated fashion," expedited scheduling, and presumptive time limits for hearings before the Board. Employer urges us to hold that the *Daubert/Kumho* objections may be raised in the Superior Court after the IAB hearing and decision, because of these practical constraints.

Employer's argument challenges both the admissibility of Dr. Weisberg's testimony and its weight. We will first address the timing of the objection to admissibility and the Superior Court's ruling

that Employer's *Daubert/Kumho* objection was waived. Our analysis begins with the role of the appellate court in an appeal from the Board.

■ The General Assembly has clearly stated the limited scope of appellate review of a decision of the Industrial Accident Board. "In case of every appeal to the Superior Court the cause shall be determined by the court from the record..."[3] The appeal is "without a trial *de novo.*"[4] Because the appeal is determined on the record and is not *de novo*, it is well established that the appellate court does not sit as the trier of fact, rehear the case, or substitute its own judgment for that of the Board.[5] Instead, the only role of the appellate court is to determine whether the decision of the Board is supported by substantial evidence and free of legal error.[6]

In this case there was no objection raised to Dr. Weisberg's testimony at any time before the Board. The purpose of a *Daubert/Kumho* objection is to prevent unreliable expert testimony from being considered by the trier of fact. While the Board operates "less formally than courts of law," and "the rules of evidence do not strictly apply," it is nonetheless an adversarial proceeding where the rules of evidence apply insofar as practicable.[7] An

**1.** *M.G. Bancorporation v. Le Beau,* 737 A.2d 513, 522 (Del.1999) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 593–594, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)) ("we hereby adopt the holdings of *Daubert* and *Carmichael* as the correct interpretation of Delaware Rule of Evidence 702.")

**2.** *Id.* (citing *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 141, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)).

**3.** 19 *Del. C.* § 2350(b).

**4.** 29 *Del. C.* § 10142(c).

**5.** *Johnson v. Chrysler,* 213 A.2d 64, 66–67 (Del.1965).

**6.** *General Motors Corp. v. Freeman,* 164 A.2d 686, 688 (Del.1960); *Johnson v. Chrysler Corp.,* 213 A.2d 64, 66 (Del.1965).

**7.** *Standard Distributing Co. v. Nally,* 630 A.2d 640, 647 (Del.1993). Industrial Accident board Rule No. 14(b) provides: "The rules of evidence applicable to the Superior Court of the State of Delaware shall be followed insofar as practicable; however, that evidence will be considered by the Board which, in its opinion, possesses any probative value com-

objection before the Board to the admissibility of evidence gives the Board the opportunity to determine the merits of the issue, to exclude unreliable evidence and preserve any evidentiary issue for appellate review. This procedure is consistent with the statutory scheme.

We are not persuaded by Employer's argument that there was no practical opportunity to make an objection before the Board. The objection could have been made orally during the hearing itself. We agree with the Superior Court that an objection to the admissibility of an expert's testimony must be made at the administrative hearing or it is waived.[8]

### III.

■■■ Turning to the weight of the testimony given by Dr. Weisberg, determinations of credibility are reserved exclusively to the Board.[9] Employer argues that his testimony was not competent substantial evidence which the Board could accept. Substantial evidence means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion.[10] When conflicting expert opinions are each supported by substantial evidence, the Board is free to accept one opinion over the other opinion.[11]

Here, the record shows that Dr. Weisberg's testimony satisfied the substantial evidence standard. Dr. Weisberg was qualified as an expert in psychiatry and testified as an experienced practicing psychiatrist. He explained that he took a detailed history from Claimant that includ-

ed his social history, medical condition and psychiatric history. Dr. Weisberg treated Claimant fifteen times over a period of three years, performed a Global Assessment Functioning test, prescribed medication that was effective, monitored his progress from moderate to mild symptoms of anxiety and depression, and explained why he disagreed with Dr. Freedenburg. In Dr. Weisberg's opinion, the need for psychiatric treatment was causally related to the industrial accident. Claimant's testimony was consistent with the history that he provided to Dr. Weisberg. The Superior Court correctly concluded that this testimony of Dr. Weisberg was adequate to support his conclusion on causation notwithstanding a specific reference to the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition. Hence, the Board was free to accept Dr. Weisberg's opinion over Dr. Freedenburg's opinion.

### IV.

We agree with the Superior Court that the decision of the Industrial Accident Board is supported by substantial evidence and is free of legal error. The judgment of the Superior Court upholding the decision of the Board is *AFFIRMED*.

---

monly accepted by reasonably prudent men in the conduct of their affairs. The Board may, in its discretion, disregard any customary rules of evidence and legal procedures so long as such a disregard does not amount to an abuse of its discretion."

8. *See* DEL. R. EVID. 103.

9. *Simmons v. Delaware State Hosp.*, 660 A.2d 384, 388 (Del.1994).

10. *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981).

11. *DiSabatino Bros. v. Wortman*, 453 A.2d 102, 106 (1982).