CHRISTIANA CARE HEALTH
SERVICES, Appellee–
Below/Appellant,

v.

Cecil PALOMINO, Appellant–
Below/Appellee.

Timber Products, Appellee–
Below/Appellant,

v.

Salvador Avila–Hernandez, Appellant–
Below/Appellee.

Berger Brothers, Appellee–
Below/Appellant,

v.

Julio Munoz, Appellant–
Below/Appellee.

Nos. 56, 2012, 62, 2012, 63, 2012.

Supreme Court of Delaware.

Submitted: Feb. 11, 2013.
Decided: April 11, 2013.

Amy M. Taylor, Esquire (argued), Maria P. Newill, Esquire (argued), Heckler & Frabizzio, Wilmington, Delaware, for Appellant Christiana Care Health Services.

Andrew J. Carmine, Esquire, Elzufon Austin Reardon Tarlov & Mondell, Wilmington, Delaware, for Appellant Timber Products.

Luciana M. Gorum, Esquire, Chrissinger & Baumberger, Wilmington, Delaware for Appellant Berger Brothers.

Gary S. Nitsche, Esquire, and Michael B. Galbraith, Esquire (argued), Weik Nitsche & Dougherty, Wilmington, Delaware for Appellees Cecil Palomino, Salvador Avila–Hernandez, and Julio Munoz.

Ralph K. Durstein III, Esquire, and Edward K. Black, Esquire, Delaware Department of Justice, Wilmington, Delaware, for amicus curiae, Delaware Department of Labor.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS, and RIDGELY, Justices, constituting the Court en Banc.

RIDGELY, Justice, for the majority.

Cecil Palomino, Salvador Avila–Hernandez and Julio Munoz ("Claimants") were each injured in different work-related accidents. It is not disputed that their injuries are compensable under the Worker's Compensation Act and that payments of some worker's compensation have been made. After their doctors recommended certain treatments, their employers requested determinations of whether the treatment plans fell outside of the Health Care Practice ("HCAP") Guidelines through a utilization review ("UR") authorized by 19 Del. C. § 2322F(j). The UR panel determined that portions of their treatments were not approved for coverage. The Claimants, through counsel, petitioned the Industrial Accident Board ("Board") for review of the UR determination. They did so after the 45 day time window prescribed by Department of La-

bor ("DOL") Regulation 5.5.1. The Board dismissed the petitions as untimely.

Claimants appealed to the Superior Court, which determined that the 45 day limit of Regulation 5.5.1 is invalid because it conflicts with 19 Del. C. § 2361. The applicable portion of Section 2361 provides that "[w]here payments of compensation have been made in any case under an agreement approved by the Board or by an award of the Board, no statute of limitation shall take effect until the expiration of 5 years from the time of the making of the last payment for which a proper receipt has been filed with the Department." Christiana Care Health Services ("Christiana Care"), Timber Products, and Berger Brothers (collectively, "Employers") have appealed from the Superior Court's judgment.

We find no merit to the appeal and affirm.

### Facts and Procedural History

Salvador Avila–Hernandez was injured in a compensable work-related accident resulting in a low back injury while employed by Timber Products. His injuries required him to receive multiple injections and regular physical therapy. A UR panel approved two injections and twelve sessions of physical therapy. The UR panel rejected twenty-eight other sessions of physical therapy, however, finding that they were not in compliance with HCAP Guidelines. Based on the UR determination, the employer's insurance carrier paid for twelve therapy sessions and two injections but denied payment for the other sessions. Avila–Hernandez filed his petition for review of the UR determination after the 45 day period had expired. The Board granted Timber Products' motion to dismiss the review as untimely.

Cecil Palomino was injured in a compensable work-related accident while em-

ployed by Christiana Care. Two UR determinations rejecting treatment plans were issued in his case. Palomino did not file his petition for review until after the 45–day window had passed. The Board granted Christiana Care's motion to dismiss the review as untimely.

Julio Munoz was injured in a compensable work-related accident while employed by Berger Brothers. A UR panel determined that his medical services were not in compliance with HCAP Guidelines. Munoz filed his petition for review after the 45 day period had expired. Berger Brothers' motion to dismiss the review as untimely was granted.

Claimants appealed the dismissals to the Superior Court and their cases were consolidated. The Superior Court reversed and remanded, concluding that Regulation 5.5.1's imposition of a 45–day limitation on petitions was invalid because it is contrary to the five-year statute of limitations mandated by 19 *Del. C.* § 2361(b). Employers appealed to this Court.

During the course of this appeal, we asked the Department of Justice to submit an *amicus curiae* brief on behalf of the Department of Labor on the validity of Regulation 5.5.1 in light of 19 *Del. C.* § 2361. For the reasons explained in this Opinion, we affirm the Superior Court judgment.

### Discussion

▮▮▮ When reviewing an appeal from the Board, "the only role of the appellate court is to determine whether the decision of the Board is supported by substantial evidence and is free from legal error."[1] We review questions of law, such as the construction of the workers' compensation statute, *de novo*.[2] "When any regulation is the subject of an enforcement action in the Court, the lawfulness of such regulation may be reviewed by the Court as a defense in the action."[3] "Upon review of regulatory action, the agency action shall be presumed to be valid and the complaining party shall have the burden of proving either that the action was taken in a substantially unlawful manner and that the complainant suffered prejudice thereby, or that the regulation, where required, was adopted without a reasonable basis on the record or is otherwise unlawful."[4]

Title 19, section 2361 of the Delaware Code provides in relevant part:

> (b) Where payments of compensation have been made in any case under an agreement approved by the Board or by an award of the Board, no statute of limitation shall take effect until the expiration of 5 years from the time of the making of the last payment for which a proper receipt has been filed with the Department.[5]

This Court has emphasized that this provision "unambiguously provides that *no* statute of limitation shall take effect until five years from the last payment of benefits."[6]

Title 19, section 2322F(j) of the Delaware Code provides for the development of a "utilization review program."[7] Significantly, the General Assembly provided for *de novo* review of a utilization review deci-

1. *Std. Distrib., Inc. v. Hall,* 897 A.2d 155, 157 (Del.2006).

2. *LeVan v. Independence Mall, Inc.,* 940 A.2d 929, 932 (Del.2007).

3. 29 *Del. C.* § 10141(c).

4. 29 *Del. C.* § 10141(e).

5. 19 *Del. C.* § 2361(b).

6. *LeVan,* 940 A.2d at 932 (*quoting National Union Fire Ins. Co. v. McDougall,* 877 A.2d 969, 975 (Del.2005) (emphasis in original)).

7. 19 *Del. C.* § 2322F (j).

sion by the Board, but did not prescribe any time limitation by which the petition for review must be filed, nor did it otherwise change the broad language of Section 2361. The statute authorizing utilization review provides:

Utilization review.—The Health Care Advisory Panel shall develop a utilization review program. The intent is to provide reference for employers, insurance carriers, and health care providers for evaluation of health care and charges. The intended purpose of utilization review services shall be the prompt resolution of issues related to treatment and/or compliance with the health care payment system or practice guidelines for those claims which have been acknowledged to be compensable. An employer or insurance carrier may engage in utilization review to evaluate the quality, reasonableness and/or necessity of proposed or provided health care services for acknowledged compensable claims. Any person conducting a utilization review program for workers' compensation shall be required to contract with the Office of Workers' Compensation once every 2 years and certify compliance with Workers' Compensation Utilization Management Standards or Health Utilization Management Standards of Utilization Review Accreditation Council ("URAC") sufficient to achieve URAC accreditation or submit evidence of accreditation by URAC. If a party disagrees with the findings following utilization review, a petition may be filed with the Industrial Accident Board for de novo review. Complete rules and regulations relating to utilization review shall be approved and recommended by the Health Care Advisory Panel. Thereafter, such rules shall be adopted by regulation of the Department of Labor pursuant to Chapter 101 of Title 29. Such regulations shall be adopted and effective not later than 1 year after the first meeting of the Health Care Advisory Panel.[8]

Upon the recommendation of the Health Care Advisory Panel, the DOL adopted Regulation 5.5.1, which provides in relevant part:

The decision of the utilization review company shall be forwarded by the Department of Labor, by Certified Mail, Return Receipt Requested, to the claimant, the claimant's attorney of record, the health care provider in question, and the employer or its insurance carrier. A decision of the utilization review company shall be final and conclusive between the parties unless within 45 days from the date of receipt of the utilization review decision any interested party files a petition with the Industrial Accident Board for de novo review.[9]

Employers argue that Regulation 5.5.1 does not create a "statute of limitations" because it does not foreclose the claimant's right to recover additional workers' compensation benefits for the injuries at issue. Employers interpret § 2361(b) as setting the time at which a claimant "will be completely barred from ever seeking additional benefits arising out of the work accident." The 45–day period, by contrast (they argue), forecloses only payment for the specific treatment rendered by a specific provider on a specific date. In other words, because Regulation 5.5.1 does not foreclose all claims, but rather only specific worker's compensation claims, the regulation does not operate as a statute of limitations. We find no merit to this argument, because it ignores the practical effect of

---

8. *Id.*

9. 19 *Del. Admin. C.* § 1341–5.5.1.

the regulation, which is to bar a claim that is not made within 45 days of the UR determination. Indeed, if a claimant's sole claim for worker's compensation or only remaining claim were submitted for utilization review outside of the 45 day window, the claim would be barred by the Regulation, even if it were otherwise within the five-year time limitation of Section 2361.

Regulation 5.5.1 forecloses not only Board, but also judicial review, of a decision to deny specific workers' compensation benefits. Section 2361 unequivocally provides, however, that *"no* statute of limitation shall take effect until the expiration of 5 years from the time of the making of the last payment for which a proper receipt has been filed with the Department." This broad language protects a claimant from the preclusive effect of other statutes of limitation enacted by the General Assembly. It necessarily follows that the broad language of the current statute also protects a claimant from the preclusive effect of a DOL regulation that imposes a shorter time limitation for the Board to review a claim under the Worker's Compensation Act.

The Employers contend that the process for reviewing a utilization review determination is in essence an "appeal." Employers argue that the 45 day time allowed to appeal is larger than that allowed in many other appeal procedures. But the utilization review panel is neither a court nor an administrative agency. The General Assembly expressly intended that "if a party disagrees with the findings following utilization review, a petition may be filed with the Industrial Accident Board for *de novo* review." [10] The DOL regulation limits this statutory right. Even if a UR determina-

tion somehow qualifies as an appeal, the jurisdiction of the Board and any time limitation for *de novo* review is a matter for the General Assembly and not the DOL to decide.[11]

Although the General Assembly has authorized the Health Care Advisory Board to recommend and require the DOL to adopt regulations for utilization review, it did not establish any time bar for a worker's compensation claim other than the 5 year limitation period provided in 19 *Del. C.* § 2361. The Department of Labor has restricted the right of *de novo* review the General Assembly has granted in a manner that is inconsistent with the mandate of § 2361. We conclude that the Superior Court properly determined that the 45–day limitation of Regulation 5.5.1 is invalid.

The dissent finds two problems with our analysis and urges that we have overlooked the purpose and function of the statutorily mandated UR process and that we have erroneously equated a limitation on the time to appeal from a UR decision with the limitation on the time to submit an original claim. The dissent further argues that the invalidation of Regulation 5.5.1 defeats the purpose of the UR program. We disagree. Instead, we have determined—as we must—that the Regulation cannot stand because it is inconsistent with the right of Claimants to petition the Board within the express statutory time limitations of 19 *Del. C.* § 2361.

The authorizing statute for the UR program contains no mandate shortening the time for a claim to be made for workers compensation benefits, nor does § 2361 provide any exception. The DOL may adopt regulations regarding utilization review, but it only those regulations that are

**10.** 19 *Del. C.* § 2322F(j).

**11.** *See* 19 *Del. C.* §§ 2301A; 2345 and 2346 (continuing the Industrial Accident Board and

providing for hearings upon disagreement on the amount of compensation on benefits and charges for medical services).

"not inconsistent with the laws of this state."[12] Regulation 5.5.1 conflicts directly with 19 *Del. C.* § 2361 and therefore impermissibly abridges Claimants' rights under the statute.

The dissent argues there is a distinction between a statute of limitations and a limit on the time to appeal. We do not disagree with that distinction, but the dissent's premise that Claimants' petitions were appeals is incorrect. An appeal involves "[r]esort to a superior (i.e. appellate) court to review the decision of an inferior (i.e. trial) court or administrative agency."[13] The UR service provider is neither a court nor an administrative agency. Rather, the UR service provider is a contractor.[14] The contractor's only role is to review upon the request of an employer or insurance carrier, "the forms, information package and medical records package by the employer or insurance carrier ... to determine if it is in compliance with the practice guidelines developed by the Health Care Advisory Panel and adopted and implemented by the Department of Labor."[15] The Board has the statutory authority to determine whether additional compensation is due upon the request of any party after utilization review. The jurisdiction of the Board is invoked by a "petition" like every other Workers' Compensation Act claim. Here, Claimants sought original review by the Board of their claim, not appellate review. The General Assembly has prescribed one time limitation period for Claimants' petitions by 19 *Del. C.* § 2361, to the exclusion of all others. When § 2361 and a DOL regulation conflict, the statute must prevail.

### Conclusion

The judgment of the Superior Court is **AFFIRMED.**

BERGER, Justice, dissenting, with STEELE, Chief Justice, joining.

The majority holds that, because there is a five year statute of limitations for workers' compensation payments, a regulation limiting the time within which a party may seek review of an adverse utilization review (UR) decision is invalid. The majority reasons that the UR decision may deny payment of the claimant's last claim for workers' compensation. Under those circumstances, the regulation would bar review of the UR decision after 45 days, thereby depriving the claimant of the benefit of the five year statute of limitations. There are two problems with this analysis. First, it overlooks the purpose and function of the statutorily mandated UR process. Second, it erroneously equates a limitation on the time to appeal from a UR decision with the limitation on the time to submit a claim.

Section 2322 created a Health Care Advisory Panel (HCAP) to: 1) design a healthcare payment system; 2) promulgate healthcare practice guidelines; 3) develop forms for healthcare providers, and 4) establish rules for the certification of healthcare providers. Section 2322F addresses the time and manner of billing and payment. It instructs the HCAP to develop a UR program. The stated purpose of the UR program is "the *prompt* resolution of issues related to treatment and/or compliance with the health care payment system or practice guidelines for those claims

---

12. 29 Del. C. § 8503(7).

13. Black's Law Dictionary (5th Ed.).

14. *See* 19 *Del. C.* § 2322F(j) provides in part: "Any person conducting a utilization review program for workers' compensation shall be required to contract with the Office of Workers' Compensation once every 2 years ..."

15. 19 *Del. Admin. C.* § 1341–5.4.

which have been acknowledged to be compensable."[16] If a party disagrees with the UR findings, the party may petition the Industrial Accident Board for *de novo* review. Regulation 5.5.1, adopted pursuant to Section 2322F(j), provides that a party seeking Board review must file a petition within 45 days after the UR decision.

The majority's invalidation of Regulation 5.5.1 defeats the purpose of the UR program. Section 2322 provides a comprehensive set of requirements and procedures to standardize treatment options and provide prompt payment to healthcare providers. Yet the majority holds that claimants have five years to seek review of an adverse UR decision. Not only does that contradict any notion of what constitutes a "prompt" resolution of a claim, it makes no sense at a practical level. If a claimant is seeking authorization to undergo a surgical procedure, or purchase mobility equipment, or enter into a course of physical therapy, the five year statute of limitations will have no bearing on the claimant's rights. The claimant either will go ahead with the treatment despite an adverse UR decision, appeal that decision, or find other acceptable treatment. After several years, the UR decision will be of little consequence. By then, the claimant will have obtained other services and mooted the issue. If the claimant still needs treatment, the claimant will be free to file a new petition and explain how his or her then current condition justifies the previously denied treatment. In sum, the 45 day appeal deadline does not conflict with the five year statute of limitations because there is no reasonable possibility that the claimant's condition or the disputed treatment will remain static for five years.

Moreover, there is a difference between a statute of limitations and a limit on the time to appeal from a regulatory body's decision. The Workers' Compensation Act provides, for example, that Board awards become final if not appealed to the Superior Court within 30 days.[17] No one would argue that the two statutes are in conflict, or that the Act's five year statute of limitations extends that 30 day appeal period. That is because the statute of limitations bars claims for compensation, whereas the appeal period only bars review of a decision about a claim. The majority posits that if an adverse UR decision is the last claim for a particular claimant, the 45 day appeal period would limit the claimant's right to wait five years to submit a claim. But the claim has been submitted when it is brought before the UR panel. The five year statute of limitations applies to the timeliness of the UR petition, not the timeliness of any appeal.

Finally, the majority states that, if the Board's review of a UR decision is an appeal, the General Assembly should specify the time for appeal by statute. Instead, the General Assembly delegated that task to the HCAP. The legislature created the HCAP because, "issues related to health care in workers' compensation require the expertise of the medical community and other health care professionals for resolution."[18] The HCAP, with its "diversity of perspectives,"[19] was instructed to develop "complete rules and regulations relating to utilization review...."[20] There is no reason why those rules could not lawfully include a 45 day time for appeal.

---

**16.** 19 *Del. C.* § 2322F(j) (Emphasis added.).

**17.** 19 *Del. C.* § 2349.

**18.** 19 *Del. C.* § 2322A(a).

**19.** *Ibid.*

**20.** 19 *Del. C.* § 2322F(j).

We dissent and would reverse the Superior Court decision.