SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5256

June 26, 2019

Michael G. Owen, Esquire
Morris James, LLP
803 North Broom Streeet
P.O. Box 2328
Wilmington, DE 19899-2328

John J. Ellis, Esquire
Heckler & Frabizzio
800 Delaware Avenue, Suite 200
P.O. Box 128
Wilmington, De 19899-0128

Re: *Donna Freebery v. Law Firm of Michael Freebery*
<u>Civil Action No. S18A-10-001 ESB</u>

Dear Counsel:

Appellant Donna Freebery ("Freebery") is employed by the Appellee, The Law Firm of Michael Freebery (the "Employer"). Michael Freebery is Donna's husband. On February 19, 2016, Freebery allegedly suffered a low back injury while moving a box of files at the Employer's office. She filed a Petition to Determine Compensation Due with the Industrial Accident Board (the "Board") on January 9, 2018. The Board denied Freebery's petition and she has appealed.

Freebery raises three main issues on appeal. First, she argues that it was an error of law or abuse of discretion for the Board to allow the Employer to contest compensability of the alleged injury at the hearing. Second, that it was an abuse of discretion for the Board to reject her implied agreement argument on procedural

1

grounds. Third, that the Board abused its discretion by failing to view certain statements as "judicial admissions" to compensability attributable to the Employer.

I have determined that the issue of compensability was properly before the Board. I also find that it was not an abuse of discretion for the Board to reject the implied agreement argument as untimely. Finally, none of the statements that Freebery calls attention to can fairly be deemed "judicial admissions" in the current case.

## Factual and Procedural Background

On February 19, 2016, Freebery allegedly suffered a low back injury while moving a box of files at the Employer's office. The workers' compensation insurance carrier for the Employer paid for a majority of Freebery's treatment following this incident. Seeking a written agreement formally acknowledging her injury, Freebery filed a Petition to Determine Compensation Due on January 9, 2018. Freebery was also seeking payment of medical expenses in the amount of $842.86 and a week of wage benefits of approximately $533.00.[1]

The parties submitted a joint Pre-Trial Memorandum (the "PTM") to the Board on March 27, 2018. The PTM asks if compensability of the injury was admitted. Freebery answered "Yes" and the Employer added "not as to any ongoing work injury."[2] The PTM also includes a section for the Employer to

---

[1] Employer's Answering Br. ("Answering Br."), Ex. A.
[2] Freebery's Opening Br., Ex. J.

2

identify defenses to a claim. The Employer checked several options, including one alleging that, "claimant's injuries are not causally related to the accident."

The Board conducted its hearing on June 18, 2018 (the "Hearing"). At the start of the Hearing, the parties submitted a Joint Stipulation of Facts. In the Joint Stipulation, the parties identified the witnesses that would be called and the issues that the Board was being asked to determine.[3] Although not mentioned in the PTM or listed on the Joint Stipulation, Freebery indicated that she might later raise an implied agreement argument during her opening statement. The Employer pointed out the potential untimeliness of such an argument but acknowledged that it had been made aware of this possibility on the day before the Hearing.

The Board's Decision, dated July 31, 2018, denied Freebery's Petition and found that she had failed to prove that a work accident occurred on February 19, 2016.[4] In making this determination, the Board made clear that it found the Employer's expert witness to be more persuasive than Freebery's. In response to the Employer's Rule 21 motion for clarification the Board stated that it declined to consider Freebery's implied agreement argument as it was untimely and improperly raised.[5]

---

[3] Answering Br., Ex. F.
[4] *Id.*, Ex. B.
[5] *Id.*, Ex. H.

Freebery has appealed the Board's denial of her initial Petition to Determine Compensation Due as well as its subsequent clarifying order. The parties have fully briefed their arguments and submitted them for my consideration.

## Contentions of the Parties

Freebery asserts that the Employer admitted compensability on the Pre-Trial Memorandum (the "PTM") and the Board therefore erred by allowing the Employer to contest compensability at the Hearing. Additionally, Freebery argues that the Board's rejection of her implied agreement argument as untimely was an abuse of discretion given the Board's decision to allow the Employer to contest compensability. Finally, Freebery claims that the Board erred by failing to properly consider various "admissions" by the Employer with regard to compensability.

The Employer contends that compensability was not admitted on the PTM and that Freebery was well aware that compensability would be the primary issue at the Hearing. The Employer continues by pointing out that Freebery had ample opportunity to raise her implied agreement argument prior to the Hearing but failed to do so. The Employer also asserts that Freebery did not seriously or fully present this argument during the Hearing. Lastly, the Employer argues that the Board's decisions are supported by substantial evidence and that there were no compensability admissions fairly attributable to the Employer.

4

## Standard of Review

Upon review of a decision of the Industrial Accident Board this Court examines the record for any errors of law and determines whether substantial evidence exists to support the Board's findings.[6] "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[7] The Court defers to the Board and does not weigh evidence, determine credibility, or make any factual findings.[8] Errors of law are reviewed *de novo*. Absent error of law, the standard of review for a Board's decision is abuse of discretion.[9] Only decisions that exceed the "bounds of reason" in light of circumstances constitute an abuse of discretion.[10]

## Discussion

I must make a determination on three main issues. The first issue is whether the Board committed an error of law or abused its discretion in allowing the Employer to contest compensability at the Hearing. The second issue is whether the Board committed an abuse of discretion in rejecting Freebery's implied agreement argument as untimely. The last issue is whether the Board's failure to consider certain statements and other evidence as judicial admissions of

---

[6] *Histed v. EI Dupont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993).
[7] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981).
[8] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).
[9] *Person-Gaines v. Pepco Holdings, Inc.*, 981 A.2d 1159, 1161 (Del. 2009).
[10] *Id.*

compensability on behalf of the Employer was an abuse of discretion. I address each of these arguments in turn.

1. Compensability as an issue at the Hearing.

Freebery repeatedly asserts that the Employer admitted to compensability on the PTM and that the Board should therefore have prohibited it from contesting compensability at the Hearing. Freebery builds much of her accompanying arguments upon this premise. However, I read the PTM differently. The PTM asks if compensability is admitted, to which Freebery's counsel answered "Yes."[11] This only shows that, at the time they filled out the PTM, Freebery and her counsel apparently believed that compensability was a nonissue. I do not view this as an admission to compensability on behalf of the Employer. Next to Freebery's answer, the Employer's counsel added, "not as to any ongoing work injury." Additionally, in the section for defenses to the petition, the Employer's counsel checked several options, most notably one alleging that, "claimant's injuries are not causally related to the accident."[12] I find that the Employer's additions to the PTM make it clear that it intended to contest the compensability of the alleged accident at the Hearing.

Furthermore, I believe that the actions and statements made by Freebery's counsel leading up to the Hearing indicate awareness that compensability would be

---

[11] Opening Br., Ex. J.
[12] *Id.*

6

contested. This is most clearly shown by the parties' Joint Stipulation of Facts for the Hearing. The Joint Stipulation listed the "Issues To Be Determined" as the following:

A. Was there a work accident/injury on February 19, 2016;
B. If there was a 2/19/16 work accident/injury, is the injury ongoing or has it resolved/returned to baseline prior to hearing;
C. Whether the claimed period of total disability from August 15, 2017 through August 22, 2017 was causally related to the alleged February 19, 2016 work accident/injury;
D. Whether outstanding medical bills are causally related to the alleged work accident/injury.[13]

In light of the above I fail to see how Freebery can fairly claim that the Employer's intention to contest compensability at the Hearing came as a surprise.

I also note that Freebery did not explicitly object to the Board's consideration of the compensability issue on procedural grounds during the Hearing. Freebery contends that her attempts to draw the Board's attention to the "admission" to compensability on the PTM should have made it clear that she objected to the Employer's ability to contest the issue. This argument fails for two reasons. First, I have already found that Freebery's interpretation of the PTM as an admission of compensability is incorrect. Second, it is well established law in Delaware that an objection must be made at an administrative hearing or it is deemed waived on appeal.[14] For all of the foregoing reasons, I find that the Board

---

[13] Hearing Joint Ex. #1.
[14] *Standard Distrib., Inc. v. Hall*, 897 A.2d 155, 157 (Del. 2006).

did not commit an error of law or abuse its discretion by allowing the Employer to contest compensability of the alleged accident at the Hearing.

1. Timeliness of implied agreement argument.

Freebery's main argument on this issue is that the Board's rejection of her implied agreement argument shows an impermissible double standard given that it allowed the Employer to contest compensability at the Hearing. This comparison fails as I have already determined that the compensability issue was properly before the Board.

As a standalone matter, I agree with the Board's determination that Freebery's implied agreement argument was untimely. Freebery did not raise the implied agreement argument in either the PTM or in the Joint Stipulation of Facts. In her opening statement, Freebery mentioned that she "may" or "may not" raise the issue of the existence of an implied agreement. The Employer objected to this argument as being improperly raised. The record indicates that Freebery's counsel informed the Employer's counsel that the implied agreement argument might be raised at the Hearing on *the day before* the Hearing. While this may not technically qualify as a last-minute surprise, such notice is certainly unfair to the Employer. Importantly, notice of this argument came after the point where the Employer could address it in the discovery process and through depositions of the relevant parties. Accordingly, I find that the Board's determination that the

8

implied agreement argument was improperly raised was not an abuse of discretion. This holding is consistent with other Delaware cases addressing procedural flaws with arguments before the Board.[15]

2. The Employer's alleged judicial admissions of compensability.

Freebery points out several different statements and pieces of evidence that she contends should have been viewed as judicial admissions of compensability. "Judicial admissions" are voluntary and knowing concessions of fact made by a party during judicial proceedings (e.g., statements contained in pleadings, stipulations, depositions, or testimony; responses to requests for admissions; and counsel's statements to the court).[16] The first alleged judicial admission is the Employer's "admission" to compensability on the PTM. This argument fails as I have already determined that the Employer actually contested – and did *not* admit to – compensability on the PTM.

Donna Freebery next argues that the statements of Michael Freebery with regard to compensability should have been considered judicial admissions made by the Employer. Normally, a business owner's statements could fairly be held out as

---

[15] *See Feralloy Indus. v. Wilson*, 1998 WL 442937 (Del. Super. June 23, 1998) (holding that employer did not properly raise a statute of limitations defense when it first mentioned the defense in its closing argument); *Warren v. Amstead Indus., Inc.*, 2019 WL 1780799 (Del. Super. Apr. 23, 2019) (holding that the determinative issue of whether claimant had retired was improperly raised as it was not mentioned in any pretrial documents).
[16] *Merritt v. United Parcel Serv.*, 956 A.2d 1196, 1201 (Del. 2008).

9

binding on the business and the business's insurance carrier. However, I agree with the Employer that this would be unfair in the current case given that the business owner is the husband of the claimant. Michael Freebery did not testify on the behalf of the Employer but rather in support of Donna Freebery.

Finally, Freebery claims that documents she submitted into evidence from State Farm regarding payments made in relation to the accident should have been deemed judicial admissions. Unfortunately, this argument goes to the merits of Freebery's attempted implied agreement argument. As previously discussed, the Board correctly determined that this argument was improperly raised and could not be considered. Moreover, the documents, whether or not they were from State Farm, cannot reasonably be deemed to be statements made during judicial proceedings and are therefore, by definition, not judicial admissions.

## Conclusion

I have found that the Board did not commit legal error or abuse its discretion in considering the Employer's arguments with regard to compensability at the Hearing or in rejecting Freebery's implied agreement argument as untimely. The Board's decision is hereby **AFFIRMED**.

Very truly yours,

E. Scott Bradley

cc:     Prothonotary

10