# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NINA BAEN,                           )
                                     )
        Claimant-Appellant,          )
                                     )
    v.                               )    C.A. No. N20A-01-006 VLM
                                     )
URGENT AMBULANCE SERVICE,            )
                                     )
        Employer-Appellee.           )

## ORDER

Submitted: April 16, 2021
Decided: July 14, 2021

*Upon Consideration of Appellant's Appeal of the Decision of the Industrial Accident Board*, **AFFIRMED**.

Heather A. Long, Esquire, Kimmel, Carter, Roman, Peltz & O'Neill, P.A., Newark, DE. *Attorney for Appellant.*

Andrew J. Carmine, Esquire, Elzufon, Austin & Mondell, Wilmington, DE. *Attorney for Appellee.*

**MEDINILLA, J.**

1

# I.  INTRODUCTION

Appellant Nina Baen ("Baen") appeals a decision of the Industrial Accident Board ("Board") that determined that two surgeries performed were not reasonable, thereby disqualifying her from receiving compensation for those surgeries pursuant to 19 *Del. C.* § 2322. Upon consideration of the arguments, submissions of the parties, and the record in this case, the Court hereby finds as follows:

1.  On October 27, 2016, Baen was injured in a work-related accident with Urgent Ambulance Service ("Employer").[1] Following the accident, Baen sought treatment from Dr. James Moran of First State Orthopedics.[2] On August 8, 2017, Baen began seeing Dr. James Zaslavsky, a board-certified orthopedic surgeon.[3]

2.  On November 16, 2017, Dr. Zaslavsky performed lower back surgery on Baen to repair one of two lumbar spine tears.[4] Employer agreed to compensate Baen for this procedure.[5] Following the surgery, Dr. Zaslavsky continued to treat Baen, but she continued experiencing pain in her lower back.[6] Dr. Zaslavsky determined that an additional surgery was necessary. Baen did not seek a second opinion.[7]

---

[1] *Decision & Order of the Industrial Accident Bd.*, Hearing No. 1456738, at 2 (Dec. 17, 2019).
[2] *Id.*
[3] *Id.*
[4] *Id.* at 3.
[5] *Id.* at 2.
[6] *Id.*
[7] *Id.* at 21.

2

3.     On January 28, 2019, Dr. Zaslavsky performed a second surgery.[8] The surgery was necessary to repair the second lumbar spine tear.[9] The surgery resulted in complications necessitating a third surgery on February 4, 2019.[10] Employer referred the second surgery to Utilization Review ("UR").[11]

4.     On May 14, 2019, the UR decision found the surgery was not compliant with Delaware's Healthcare Practice Guidelines.[12] On May 20, 2019, Baen filed a Petition to Determine Additional Compensation Due to appeal the UR decision,[13] seeking a determination that the second and third surgeries were reasonable and necessary.[14] Baen also filed a Petition for a Recurrence of Total Disability Benefits beginning on the date after the surgery.[15]

5.     The Board consolidated Baen's petitions and held a hearing on November 4, 2019. The Board heard testimony from Baen and Dr. Zaslavsky, as well as testimony from Dr. Eric Schwartz on behalf of Employer.[16] On December 17, 2019, the Board, in a detailed 22-page decision, accepted Dr. Schwartz's opinion

---

[8] *Decision & Order of the Industrial Accident Bd.*, Hearing No. 1456738, at 9 (Dec. 17, 2019).
[9] *Id.*
[10] *Id.* at 2, 9.
[11] *Id.* at 2.
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] The Court will not go into detail about the testimony, facts, and opinions presented at the hearing. The Board's 22-page decision lays out the opinions of both Dr. Zaslavsky and Dr. Schwartz in great detail when discussing their in-depth medical opinions on Nina Baen's condition. As such, the Court does not consider it necessary to reiterate that information here.

that the second and third surgeries were not reasonable and found in favor of Employer.[17] The Board found that the second and third surgeries, while necessary, were unreasonable because Dr. Zaslavsky "acted too hastily" in the first surgery by not performing surgery on both tears in the lumbar spine.[18] In accepting Dr. Schwartz opinion, the Board found that the medical records evidence did not support Dr. Zaslavsky's decision to only repair one of the two lumbar spine tears during the first surgery.[19] The Board also noted that Dr. Zaslavsky had resources within his practice (including obtaining diagnostic studies such as discograms), which would have been helpful to determine which tears were causing Baen discomfort.[20] The Board concluded that this was one of those cases that highlighted the importance of a second opinion, "in particular when the surgeon recommends surgery on the initial visit (excepting emergency situations of course)."[21]

6.      On January 15, 2020, Baen filed a timely notice of appeal with this Court. On February 24, 2021, Baen filed her Opening Brief. On March 17, 2021, Employer filed its Answering Brief. On March 30, 2021, Baen file her Reply and this Court was assigned this appeal on April 16, 2021. This matter is ripe for decision.

---

[17] *See Decision & Order of the Industrial Accident Bd.*, Hearing No. 1456738, at 22 (Dec. 17, 2019).
[18] *Id.* at 21.
[19] *Id.* at 20.
[20] *Id.* at 21.
[21] *Id.*

4

## II.   STANDARD OF REVIEW

7.      On an appeal from the Board, this "[C]ourt must determine whether the findings and conclusions of the Board are free from legal error" and whether they are "supported by substantial evidence in the record."[22]   Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[23]   The Court does not "weigh the evidence or make determinations based on credibility or facts."[24]   Absent an abuse of discretion by the Board, this Court will uphold the Board's determination.[25]

## III.   CONTENTIONS

8.      The Board's decision came down to a battle of the experts.   Baen contends that the Board erred in finding that there was substantial evidence to support Dr. Schwartz's opinion that the second and third surgeries were unreasonable.[26]   Baen argues that Dr. Schwartz's opinion - that both lumbar spine tears should have been addressed in the same surgery - does not meet the requisite

---

[22] *Wilson v. Unemployment Ins. Appeal Bd.*, 2011 WL 3243366, at *2 (Del. Super. July 7, 2011) (citing *Unemployment Ins. Appeal Bd. v. Martin*, 431 A.2d 1265, 1266 (Del. 1981); *Pochvatilla v. United States Postal Serv.*, 1997 WL 524062, at *2 (Del. Super. June 9, 1997); 19 *Del. C.* § 3323(a)).

[23] *Byrd v. Westaff USA, Inc.*, 2011 WL 3275156, at *1 (Del. Super. July 29, 2011) (quoting *Oceanport Industries Inc., v. Wilm. Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994)).

[24] *Byrd*, 2011 WL 3275156, at * 1 (citing *Johnson v. Chrysler Corp.*, 203 A.2d 64, 66 (Del. 1965)).

[25] *See Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).

[26] Appellant's Opening Brief, D.I. 10, at 10-14.

standard of substantial evidence.[27] Baen further argues that Dr. Zaslavsky and his decision to perform multiple surgeries should have been given greater deference because he was the treating physician.[28]

9. Employer argues that the Board's decision was supported by substantial evidence,[29] and that the Board was free to accept Dr. Schwartz's opinion over Dr. Zaslavsky's.[30] Employer further highlights that Dr. Schwartz's opinion regarding the unreasonableness of the surgeries was not just based on his opinion, but on various factors including risks associated with multiple surgeries and Baen's pre- and post-surgical medical condition.[31]

## IV. DISCUSSION

10. Under the Worker's Compensation Act, employers are required to pay for medical "services, medicine and supplies" that are reasonable and necessary and are casually connected with an employee's compensable workplace injury.[32] While it is true, as Baen argues, that a treating physician may be afforded deference,[33]

---

[27] Appellant's Opening Brief, at 12.

[28] *Id.* at 13.

[29] Appellee's Answering Brief, D.I. 11, at 18-22.

[30] *Id.* at 18.

[31] *Id.* at 18-22.

[32] *See* 19 *Del. C.* § 2322(b); *see also Nobles-Roark v. Burner*, 2020 WL 4344551, at *2 (Del. Super. July 28, 2020) ("Accordingly, the IAB's inquiry was governed not by the Medical Marijuana Act but rather by the Workers' Compensation Act, which requires employers to pay for reasonable and necessary medical "services, medicine and supplies" causally connected with an employee's compensable workplace injury.").

[33] *See Diamond Fuel Oil v. O'Neal*, 734 A.2d 1060, 1065 (Del. 1999).

"[w]hen conflicting expert opinions are each supported by substantial evidence, the Board is free to accept one opinion over the other opinion."[34]

11. Dr. Schwartz's opinion was supported by substantial evidence. In accepting Dr. Schwartz opinion, the Board not only had Dr. Schwartz opinion that both tears in Baen's spine should have been repaired at the same time,[35] there were other reasons Dr. Schwartz cited to support his overall opinion that the second and third surgeries were unreasonable. First, Dr. Schwartz opined that he believed there was no need for surgery[36] and that he doubted the surgery proposed by Dr. Zaslavsky would bring any benefit to Baen.[37] Second, Dr. Schwartz pointed to the fact that Baen had responded poorly to the first surgery, and therefore, Dr. Schwartz believed she should not undergo a second.[38] Third, Dr. Schwartz also noted that there were increased risks with performing multiple surgeries.[39] Finally, Dr. Schwartz pointed out that the surgeries caused more pain for Baen. Prior to the surgeries Baen was reporting three out of ten on a pain scale,[40] while following the surgeries, she was

---

[34] *Standard Distributing, Inc. v. Hall*, 897 A.2d 155, 158 (Del. 2006).

[35] Hearing Transcript 11/4/19 before the Industrial Accident Bd, at 69:21-24 [hereinafter Transcript]; *Decision & Order of the Industrial Accident Bd.*, Hearing No. 1456738, at 11-12 (Dec. 17, 2019).

[36] Transcript, at 70:1-22; *Decision & Order of the Industrial Accident Bd.*, Hearing No. 1456738, at 12 (Dec. 17, 2019).

[37] Transcript, at 73:13-21; *see Decision & Order of the Industrial Accident Bd.*, Hearing No. 1456738, at 11-12, 14 (Dec. 17, 2019).

[38] Transcript, at 89:17-90:6; *Decision & Order of the Industrial Accident Bd.*, Hearing No. 1456738, at 13-14 (Dec. 17, 2019).

[39] Transcript, at 84:16-85:14.

[40] *Id.* at 68:20-69:2; *Decision & Order of the Industrial Accident Bd.*, Hearing No. 1456738, at 11 (Dec. 17, 2019).

reporting a nine out of ten.[41] Thus, the Board had substantial evidence to rely upon Dr. Schwartz opinion that the second and third surgeries were not reasonable.

12.     The record supports the Board's decision that Baen's second and third surgeries were unreasonable and thus not compensable under 19 *Del. C.* § 2322. There is no error of law.   For the foregoing reasons, the Board's decision is **AFFIRMED**.

        **IT IS SO ORDERED**.

                                                        _____
                                                        Vivian L. Medinilla
                                                        Judge

---

[41] Transcript, at 80:18-81:4; *Decision & Order of the Industrial Accident Bd.*, Hearing No. 1456738, at 15 (Dec. 17, 2019).