# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

RAYMOND NIEVES,                          :

    Claimant Below-Appellant,            :  C. A. No. S21A-11-004 CAK

v.                                       :

THIS AND THAT SERVICES CO.,              :

    Employer Below-Appellee.             :

Submitted:  June 29, 2022

Decided:  August 10, 2022

*On Appeal from Industrial Accident Board*

**REVERSED**

## MEMORANDUM OPINION AND ORDER

Walt F. Schmittinger, Esquire, Schmittinger and Rodriguez, P.A., 414 South State Street, Dover, DE 19903

John J. Ellis, Esquire, Heckler and Frabizzio, 800 Delaware Avenue, Suite 200, Wilmington, DE 19899

**KARSNITZ, R.J.**

This is my second bite of the apple in this case. In a previous iteration I reversed an Order of the Industrial Accident Board.[1]

In my opinion in *Nieves I*, I decided the Board improperly dismissed the Employer's petition challenging a Utilization Review[2] decision approving the prescription of narcotic medication for the appellee, an injured worker qualified to receive workers' compensation benefits.[3] Employer believed the prescription of narcotic medication was medically inappropriate; the utilization reviewer found otherwise; and the Employer petitioned the Industrial Accident Board for its view and decision.[4]

Claimant's doctor originally prescribed the medication in June of 2017. Between the time the Employer filed its petition challenging the Utilization Review and the hearing before the Industrial Accident Board, Claimant was referred for surgery. The surgical referral was in August 2017, and the Board hearing was in September 2018.

Prior to the Board hearing, Claimant filed a motion *in limine* to limit Employer's petition to the period from June 13, 2017 through August 23, 2017 and

---

[1] *This and That Services Co, Inc. v. Nieves*, 2019 WL 2406654 (Del. Super. June 7, 2019), *rearg. den.*, 2019 WL 2539268 (Del. Super. June 19, 2019) (*"Nieves I"*)

[2] See 19 *Del. C.* §2322F (j).

[3] See 19 *Del. C.* Ch. 23.

[4] Such a petition is often colloquially called an appeal of a Utilization Review decision. Technically it is not an appeal. *Christiana Care Health Service v. Palomino*, 74 A. 3d 627 (Del. 2013).

to dismiss the issues as moot. The Board granted the motion and the Employer appealed.

I reversed. For me, a small issue remained for the Board to decide, to wit: was the June 2017 prescription for narcotics medically warranted? While that issue seemed from a financial point of view a minor one, I believed it to be a viable dispute. I was asked by way of motion for reargument to limit the scope of any hearing on remand. Perhaps mistakenly, I thought Claimant was asking me to limit what evidence could be presented on the limited issue I saw as viable. I denied that request.

On remand, Claimant developed evidence that Employer had actually paid for the contested prescription, a fact which Employer conceded in the argument I held in this case.[5] But time flowed on, and the hearing on remand morphed from the issue of the narcotic prescription in June 2017, to more generally narcotic prescriptions following the surgical procedure. The Board, after hearings on the issue of narcotic prescriptions going forward, issued an opinion determining that narcotic medication post-surgery was not reasonable and necessary, and that the Employer was not financially responsible for it.

Claimant contends no such prescriptions are an issue currently. This contention is muddied by evidence from Claimant's physician's records that he

---

[5] Had this information been part of the record on the initial appeal, I would have affirmed the Board decision.

prescribed the narcotic medication. The doctor's records apparently show post-surgical narcotic prescriptions. Claimant says he was not prescribed narcotics (except in conjunction with his surgical recovery which no one challenges), he has not taken any such medication, has not paid for it, and has not and will not seek reimbursement for it.

Despite this state of affairs, the parties proceeded forward to hearing. The Board conducted that hearing on two dates, June 3, 2021, and October 8, 2021. The Board decided that any narcotic medication for Claimant is not reasonable and necessary, and as a result not Employer's responsibility. The Claimant has appealed the Board decision.

## STANDARD OF REVIEW

I am to review the Board's decision for legal error.[6] I give deference to the Board's factual findings supported by an appropriate factual record.[7]

Were I looking at only the record evidence in support of the Board's finding, I would affirm. The Board accepted the Employer's expert testimony concerning the appropriateness of narcotic medication, as it was entitled to do.[8]

But a legal issue lurks within the Board's decision. If Claimant is making no claim for medical expenses for a treatment, can the Employer still litigate the

---

[6] *Roos Foods v. Guardo*, 152 A.2d 114, 118 (Del. 2016)
[7] *Id*.
[8] Compare, for example, *Sheppard v. Allen Family Foods*, No. 346, 2021 (Del. 2022) which affirmed the Superior Court's affirmance of a Board decision on the issue of the appropriateness of narcotic medication.

question.  In other words, if there is no claim, does an Employer still have legal standing to litigate an issue, or alternatively, is the issue moot.  Not surprisingly, the Claimant and the Employer take opposite views.

## A PRELIMINARY ISSUE – APPEAL v. PETITION

The parties spend substantial time and effort debating if a petition challenging a Utilization Review decision is an appeal or a separate petition before the Board.  A petition challenging a Utilization Review decision is a *de novo* review, and our Supreme Court in a divided opinion determined petitions challenging Utilization Reviews are not appeals.[9]  According to Employer, this difference allowed it to expand the Board's review beyond the sole issue I originally considered, that is, the June 2017 prescription, to include post-surgical prescriptions for narcotics.

In Employer's view the designation of petition as a *de novo* review, rather than an appeal, allows for the expansion of the review from its original intent (i.e., solely the June 2017 prescription).  In my view the Employer's conclusion does not follow from its premise.  The distinction made is not controlling over the mootness or standing issue.

---

[9] *Christiana Care Health Service v. Palomino*, 74 A.3d at, 632.

**THE PROCESS WAS SHORT CIRCUITED AND**
**NO ISSUE WAS PROPERLY BEFORE THE BOARD**

Utilization Review proceedings address a claim to certain specific medical treatments. When new or subsequent claims are made the Utilization Review process can and should be used again.[10] In cases where a medical invoice pertains to an acknowledged compensable claim it *shall* be referred to Utilization Review.[11] The reason for this requirement is to allow for speedy review and resolution. For this reason alone, the Board should not have considered the Employers' claim to review ongoing narcotic medication.

A second and equally important reason is that the Claimant had made no claims for payment of ongoing medical claims. Indeed, the Claimant testified he had no such bills. The evidence on this issue was murky at best, with the Employer showing in medical records that prescriptions existed. This dispute of fact, for me, re-enforces the concepts that Claimant should tender bills, allow a response from the Employer, and if disputed engage in the Utilization Review process. Without this process nothing is in dispute and nothing is justiciable.

---

[10] 19 *Del C.* §2322F(h).
[11] *Id*.

Employer correctly points out that at times the Board can decide non-monetary issues. That is not the case when the dispute is over medical bills, which here were non-existent.

The Employer has every right to use the process of Utilization Review, followed by a petition to the Board to test the legitimacy of medical bills, especially prescriptions for narcotic medication. But bills must be at issue, and they were not here. The Board erred when it took it upon itself to decide issues not before it.

The sole issue in my remand was the legitimacy of the June 2017 prescription for narcotic medication. The parties resolved that issue by Employer's payment. Nothing else was left.

I reverse the Board's decision and remand the case to be dismissed. The dismissal is without prejudice to either Claimant's right or the Employer's right to contest medical bills which may be presented for periods after June 2017.

**IT IS SO ORDERED.**


/s/ Craig A. Karsnitz
Craig A. Karsnitz


cc:    Prothonotary