## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID ROSENBLUM, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N23A-09-006 JRJ |
| | ) | |
| CITY OF WILMINGTON, | ) | |
| | ) | |
| Appellee. | ) | |

Date Submitted:  July 23, 2024
Date Decided:  August 20, 2024

## **ORDER**

This 20th day of August, upon appeal from the Industrial Accident Board ("IAB" or "Board"), the parties' briefs, and the record below, **IT APPEARS THAT:**

(1)     Appellant David Rosenblum ("Rosenblum") appeals a decision of the Board denying his compensability claim for his left shoulder injury.[1]  On July 19, 2017 while employed with the Wilmington Police Department, Rosenblum sustained a compensable right shoulder injury which required surgery.[2]  Following the right shoulder surgery, Rosenblum claims he started experiencing pain in his left shoulder from overcompensation during recovery from his right shoulder surgery,

---

[1] Appellant's Opening Brief on Appeal, Ex. A, Trans. ID 72611744 (Mar. 26, 2024) ("Decision on Petitions to Determine Additional Compensation Due").
[2] Appellant's Opening Brief on Appeal at 3, Trans. ID 72611744 (Mar. 26, 2024) ("Appellant's Opening Br.").

which resulted in a left shoulder surgery on September 14, 2020.[3] Rosenblum then sought compensation for the left shoulder injury, and the Board held a consolidated hearing on July 6, 2023 to determine the permanency of his right shoulder injury as well as the compensability of the left shoulder injury.[4] The Board issued its decision on August 25, 2023, finding Rosenblum had a permanency rating of 11% in his right shoulder and denying his compensability claim for his left shoulder.[5]

(2) On September 22, 2023, Rosenblum filed a limited appeal requesting a reversal and remand of the Board's decision due to evidentiary violations that occurred during the July 6, 2023 Board Hearing.[6] Specifically, Rosenblum argues the Employer failed to submit copies of documents following a series of "are you aware" questions, thereby violating Rules 612 and 613 of the Delaware Rules of Evidence ("DRE").[7] Due to these violations, Rosenblum argues, the Board's decision was based upon unsubstantiated representations.[8]

(3) The Employer filed a response to the Appeal on April 23, 2024, arguing (1) Rule 612 does not require the production of documents, (2) no objections were

---

[3] *Id.* at 4.
[4] *Id.* at 4-5.
[5] *Id.* at 14.
[6] *See generally id.*
[7] *Id.*
[8] *Id.*

preserved, and (3) the Board made its determination based upon the fact it found Dr. Gelman's testimony more reliable than Dr. Crains'.[9]

(4) When reviewing a decision on appeal from the Board, the Superior Court plays a limited role. The Court's role on appeal is to determine whether the Board had substantial evidence to support its findings.[10] Conclusions of law are reviewed *de novo*.[11] The Court will review the Board's discretionary rulings on an abuse of discretion standard,[12] only disturbing its decisions where the Board "acts arbitrarily or capriciously, or exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[13]

(5) IAB Rule 16(B) provides:

> The rules of evidence to the Superior Court of the State of Delaware shall be followed insofar as practicable; however, that evidence will be considered by the Board which, in its opinion, possesses any probative value commonly accepted by reasonably prudent men in the conduct of their affairs. The Board may, in its discretion, disregard any of the customary rules of evidence and legal procedures so long as such disregard does not amount to an abuse of discretion.[14]

---

[9] Appellee Answering Brief, Trans. ID 72796412 (Apr. 22, 2024) ("Appellee Ans. Br.").
[10] *Gen. Motors Corp. v. Freeman*, 164 A.2d 686, 689 (Del. 1960).
[11] *LeVan v. Indep. Mall, Inc.*, 940 A.2d 929, 932 (Del. 2007).
[12] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).
[13] *Hartman v. Unemployment Ins. Appeal Bd.*, 2004 WL 772067, at *2 (Del. Super. Apr. 5, 2004).
[14] IAB Rule 16(B); *Finocchiaro v. D.P., Inc.*, 2006 WL 3873257, at *4 (Del. Super. Dec. 29, 2006).

The Board may admit any evidence it believes is probative in value.[15] An "abuse of discretion" occurs when the Board "exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice.[16]

(6)     "Substantial Evidence" is relevant evidence "that a reasonable mind might accept as adequate to support a conclusion."[17] Substantial evidence means more than a "scintilla" but less than a preponderance.[18] Thus, the Board may not base its entire decision "solely upon incompetent evidence," but may admit incompetent evidence if there is other competent evidence to support it.[19]

(7)     According to the Board, if there has been an accident, the injury is compensable if "the injury would not have occurred but for the accident. The accident need not be the sole cause or even a substantial cause of the injury. If the accident provides the 'setting' or 'trigger,' causation is satisfied for purposes of compensability."[20] The Board found Rosenblum failed to establish causation between the accident and his left shoulder injury.[21]

---

[15] *Id.*

[16] *McDowell v. State*, 1991 WL 35679, at *2 (Del. Super. Mar. 14, 1991).

[17] *Standard Dist., Inc. v. Hall*, 897 A.2d 155, 158 (Del. 2006).

[18] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981).

[19] *Schock Bros., Inc. v. Stacy*, 1991 WL 113329, at *2 (Del. Super. June 18, 1991).

[20] Decision on Petitions to Determine Additional Compensation Due at 22 (quoting *Reese v. Home Budget Center*, 619 A.2d 907, 910 (Del. 1992) (internal quotations omitted).

[21] Decision on Petitions to Determine Additional Compensation Due at 23.

(8)     In support of its conclusion, the Board cites the (1) inconsistency within Rosenblum's medical records, (2) the persuasiveness of Dr. Gelman's testimony and credibility, and (3) the inconsistency of Rosenblum's testimony.[22]

(9)     While the Court does not find that the contents of medical records introduced through counsel's testimony (here, under the guise of questions) are admissible under the DRE in this Court, IAB Rule 16(B) expressly affords the Board discretion to allow such a practice in Board hearings so long as there is some competent testimony and the disregard of the rules of evidence "does not amount to an abuse of discretion."[23]   Thus, the Court cannot find "that the Board's reliance upon statements of counsel as to the contents of those records is legal error mandating reversal."[24]

(10)   As noted above, the Board may not base its entire decision solely on incompetent evidence, but it may admit such evidence if there is competent evidence to support it.  The testimony of an expert witness is competent evidence.  Thus, regardless of whether Appellee's counsel's rendition of the medical records constitutes incompetent evidence[25], the Board found Dr. Gelman's deposition

---

[22] *Id*. at 23-24.
[23] IAB Rule 16(B).
[24] *Rivera v. Arthur Jackson Co., Inc.*, 2009 WL 418303, at *3 (Del. Super. Jan. 30, 2009).
[25] Appellee's Counsel asked Rosenblum a series of questions on cross-examination regarding medical records that do not appear to have been produced to the Board or shown to Rosenblum despite his requests. Examples of Appellee's Counsel's questions include: "[A]re you aware that there was a record from Dr. Glassman on February 11th of 2019 where he examined the left shoulder and he said it was normal?"; "Are you aware that a couple of those rehab chiropractor-

testimony more credible than that of Rosenblum's expert.[26]  Therefore, the Court does not find the Board abused its discretion in considering possibly incompetent testimony.  Dr. Gelman's testimony is substantial evidence upon which the Board based its decision.

**THEREFORE, IT IS HEREBY ORDERED** that the decision of the Industrial Accident Board is **AFFIRMED**.

**IT IS SO ORDERED**.

_____/s/ Jan R. Jurden_____
Jan R. Jurden, President Judge

cc: Prothonotary

---

type doctors saw you in March of 2019 and they did not record any left shoulder complaint?"; and "Are you aware that on March 11, 2019, Dr. Glassman recorded that you were denying left arm pain?"  Appellant's Opening Brief on Appeal, Ex. D at 73-76, Trans. ID 72611744 (Mar. 26, 2024) ("Transcript of the July 6, 2023 Board Hearing").

[26] *Munyan v. Daimler Chrysler Corp.*, 909 A.2d 133, 136 (Del. 2006) ("Where the Board adopts one medical opinion over another, the opinion adopted by the Board constitutes substantial evidence for purposes of appellate review.").