CONAGRA/PILGRIM'S PRIDE, INC., Employer/Appellant Below-Appellant,
v.
CHRISTINA GREEN, Employee/Appellee Below-Appellee.
No. 653, 2007.
Supreme Court of Delaware.
Submitted: May 19, 2008.
Decided: June 17, 2008.
Before STEELE, Chief Justice, HOLLAND, and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice.
This 17th day of June 2008, it appears to the Court that:
(1) Employer-Appellant ConAgra/Pilgrim's Pride ("Employer") appeals from three separate decisions and orders of the Superior Court granting employee-appellee Christina Green's motion to dismiss Employer appeal from the Industrial Accident Board (the "Board"). Employer's first two arguments relate to its contention that the Board erred when it permitted Green to voluntarily dismiss her appeal without prejudice. Employer's third argument, which relates to fees, has merit only if we find that the Superior Court erred in affirming the Board's decision. We find no error with the Board's decision and affirm.
(2) The pertinent facts relate to a Petition to Determine Additional Compensation Due filed by Green.[1] On May 3, 2005, Employer filed a motion to dismiss Green's petition, predicating its view on the basis that the deposition of Green's medical witness, Tutsu Tonwe, M.D., would be insufficient to support her petition because it did not support her allegation that certain medical bills were casually related to the work injury. Two days later, Green notified the Board that she was voluntarily withdrawing her petition "without prejudice."[2] Counsel for Employer objected because it believed that Green was attempting to "doctor shop in an effort to prove her Petition" and sought a dismissal with prejudice.[3] The Board held a hearing on the motion. After hearing argument, the Board denied Employer's motion to dismiss and permitted Green to withdraw her petition without prejudice. In making this decision, the Board noted that the Board did not require the same "formal pleadings that are present in Superior Court" and that there was "a long standing tradition from the Supreme Court in these matters for the matters to be heard on the merits and not to have such a definitive end to the case at this point without the Board having an opportunity to hear facts in this case." The Board also recognized that Employer could always re-raise the motion to dismiss if Green filed another petition. Additionally, the Board found that Employer would suffer no prejudice by allowing the petition to be voluntarily withdrawn at that time (the "May 2005 Dismissal"). Employer appealed this decision.
(3) Two weeks later, Green filed another petition, adding a new medical witness, J. Hamilton Easter, M.D., in addition to Dr. Tonwe. After a series of deposition scheduling problems, Green again voluntarily withdrew her petition without prejudice. The record before us does not show whether Employer challenged this decision or moved for costs related to the May 2005 dismissal. Four days later, on January 9, 2006, Green re-filed her petition, substituting Stephen Rodgers, M.D. for Dr. Easter. On May 5, 2006, Employer filed another motion to dismiss, arguing that the May 3, 2005 motion was controlling and would determine whether the January 9 petition was barred by the doctrine of res judicata.[4] The Board entered a stay on these petitions pending adjudication of this appeal.[5]
(4) Following briefing and oral argument, the Superior Court found that the Board did not abuse its discretion in deciding that Green could voluntarily withdraw her petition.[6] The Court also denied Employer's motion for reargument.[7] Upon Green's application for attorney's fees with regard to the Superior Court appeal, the court granted the fees in part.[8] This appeal followed.
(5) Employer argues that the Superior Court abused its discretion when it affirmed the May 2005 Dismissal because (1) the Superior Court failed to find that the Board should have considered the motion to dismiss in the light most favorable to Green in order to determine whether there was any evidence to support Green's motion to withdraw; (2) the Superior Court failed to find the Board should have applied the procedural precepts and rules of the Superior Court in adjudicating Employer's motion to dismiss;[9] (3) the Superior Court erroneously relied on the substantial evidence test rather than the procedural issues raised by Employer;[10] (4) the Superior Court violated Employer's right to due process and equal protection by failing to address Green's "manipulation of the judicial process"; and (5) public policy.[11]
(6) When reviewing a decision of the Board, our standard of review mirrors that of the Superior Court.[12] The limited role of this Court and the Superior Court is to determine whether the Board's decision is supported by substantial evidence and is free from legal error.[13] The court "does not sit as a trier of fact with authority to weigh the evidence, determine questions of credibility, and make its own factual findings and conclusions."[14] We review questions of law de novo.[15] Absent errors of law, we review the Board's decision for abuse of discretion.[16]
(7) Although Employer argues why the Superior Court abused its discretion in affirming the Board's decision, we need only look at the Board's rationale.[17] The Board essentially had two motions before it; Green's voluntary motion to withdraw her petition without prejudice, and Employer's motion to dismiss, which effectively sought a dismissal with prejudice.[18] The Board found that Employer would suffer no prejudice by permitting the voluntary dismissal to go forward. After permitting Green's withdrawal of her petition, the Board denied Employer's motion to dismiss.
(8) Employer has correctly noted that the courts have specific rules governing voluntary notices of dismissal.[19] Whether the party suffers "plain legal prejudice" as a result of such a voluntary dismissal, the trial judge, in his discretion, may consider factors such as "(1) the defendants' effort and expense in preparation for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation for the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant."[20] The Board, however, operates less formally than a court of law.[21] To the extent it "operates in a quasi-judicial capacity," it is "bound to observe fundamental principles of justice, such as due process."[22]
(9) Employer did not argue that it would be prejudiced by a dismissal without prejudice, nor did the Board find that Employer was prejudiced.[23] The Board did not consider the merits of Employer's argument in its underlying motion to dismiss, and neither did the Superior Court.[24] While the Superior Court took note of the facts relating to Dr. Tonwe that Employer argued in support of its motion before the Board in dicta, the court's decision did not turn on this discussion. Rather, the Superior Court agreed with the Board's factual determination that Employer would not be prejudiced by permitting Green to voluntarily withdraw her petition. We find no abuse of discretion in the Board's decision to grant Green's motion.[25]
(10) Employer's remaining argument relates to fees and Green agrees that the availability of appellate attorneys' fees under 19 Del. C. § 2350(f) turns on the success of this appeal. Because the Superior Court did not err in affirming the Board's decision, Green was entitled to attorneys' fees.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Green filed the petition in July 2004. A hearing was scheduled for January 2005, but was continued and rescheduled for May 2005.
[2] The two sentence letter states: "I withdraw my petition without prejudice in the above-referenced case. Please take the hearing off the calendar for 5/18/05."
[3] In support of this argument, counsel noted that "Ms. Green cannot avoid the Employer's Motion by simply withdrawing the Petition without prejudice with the intent to later re-file the Petition. The Employer has a right to an adjudication of its Motion to Dismiss on the merits."
[4] But see Braddock v. Zimmerman, 906 A.2d 776, 783-84 (Del. 2006) ("We hold that a final judgment results, for purposes of appeal in Delaware, whenever a complaint is dismissed without prejudice unless the plaintiff is expressly granted leave to amend within a time certain. Accordingly, we hold that dismissals with and without prejudice are equally appealable as final judgments. . . . [T]he phrase `without prejudice' will mean only that the otherwise final judgment does not operate as a res judicata bar to preclude a subsequent lawsuit on the same cause of action.") (citations omitted).
[5] Employer represents that the Board also entered a stay in part due to a second related Superior Court appeal, which is currently pending in Superior Court. Employer moved this Court to stay the within appeal pending the outcome of the Superior Court appeal in order to adjudicate all issues on a consolidated basis. This Court denied Employer's motion to stay on May 14, 2008.
[6] Conagra/Pilgrim's Pride v. Green, 2006 WL 3545284, No. 05A-06-002, at 6 (Del. Super. Oct. 31, 2006).
[7] Conagra/Pilgrim's Pride v. Green, 2007 WL 914638, No. 05A-06-002, at 7 (Del. Super. Feb. 26, 2007).
[8] Conagra/Pilgrim's Pride v. Green, No. 05A-06-002, at 4 (Del. Super. Nov. 21, 2007).
[9] To support this argument, Employer argues that "the Board should be required to apply the Superior Court rules in the absence of any substantive rules of its own which clearly do not exist."
[10] This is Employer's second denominated argument on appeal.
[11] Employer also states, in a conclusory fashion, "under recent court decisions the Board must hear motions [such as motions to dismiss or motions for summary judgment] in limine." Employer also implies that the transcript of oral argument reveals a "genuine interest" on the part of the Court in pursuing its argument, but in what "may be a case of the passage of time and a heavy workload between the time of the June 21 argument and the October 31 decision that the issue was not addressed in the Court's decision and order."
[12] Baughan v. Wal-Mart Stores, Inc., 2008 WL 1930576, at *2 (Del. Supr.); accord Flax v. State, 2004 WL 1535816, at *2 (Del. Supr.).
[13] LeVan v. Independence Mall, Inc., 940 A.2d 929, 931-32 (Del. 2007); Glanden v. Land Prep, Inc., 918 A.2d 1098, 1100 (Del. 2007); Munyan v. Daimler Chrysler Corp., 909 A.2d 133, 136 (Del. 2006); Histed v. E.I. duPont de Nemours & Co., 621 A.2d 340, 342 (Del. 1993). Substantial evidence "means such relevant evidence as a reasonable mind may accept as adequate to support a conclusion." Histed, 621 A.2d at 342. It is "more than a scintilla but less than a preponderance." Olney v. Cooch, 425 A.2d 610, 614 (Del. 1981) (citation omitted).
[14] Johnson v. Chrysler Corp., 213 A.2d 64, 66 (Del. 1965); accord Std. Distrib., Inc. v. Hall, 897 A.2d 155, 157 (Del. 2006) ("Because the appeal is determined on the record and is not de novo, it is well established that the appellate court does not sit as the trier of fact, rehear the case, or substitute its own judgment for that of the Board.").
[15] Glanden, 918 A.2d at 1101; Baughan, 2008 WL 1930576, at *2 ("Where the issue raised on appeal from a Board decision involves exclusively a question of the proper application of the law, our review is de novo.").
[16] Glanden, 918 A.2d at 1101. See also Firestone Tire & Rubber Co. v. Adams, 541 A.2d 567, 570 (Del. 1988) ("Judicial discretion is the exercise of judgment directed by conscience and reason, and when a court has not exceeded the bounds of reason in view of the circumstances and has not so ignored recognized rules of law or practice so as to produce injustice, its legal discretion has not been abused.").
[17] See, e.g., Hall, 897 A.2d at 157 ("[T]he only role of the appellate court is to determine whether the decision of the Board is supported by substantial evidence and free of legal error.").
[18] The Board has no rule that expressly applies to voluntary dismissals. See State of Delaware Industrial Accident Board Rules, available at http://www.delawareworks.com/ divisions/industaffairs/boardrul.htm.
[19] E.g., Ct. Ch. R. 41(a), (d); Super. Ct. R. 41(a), (d).
[20] Draper v. Paul N. Gardner Defined Plan Tr., 625 A.2d 859, 863-64 (Del. 1993).
[21] See Turbitt v. Blue Hen Lines, Inc., 711 A.2d 1214, 1216 (Del. 1998) ("Administrative agencies operate less formally than courts of law.").
[22] Id.
[23] The Superior Court noted in its denial of Employer's motion for argument that it acknowledged that "if [Employer's] allegations are taken as true, they could be prejudiced by the failure to have Mrs. Green's Petition dismissed with prejudice." Conagra/Pilgrim's Pride v. Green, 2007 WL 914638, No. 05A-06-002, at 5 n.6 (Del. Super. Feb. 26, 2007). Nevertheless, the Superior Court cautioned that Employer's "prejudice with regard to their preparation and defense of Mrs. Green's Petition must be viewed in light of the less formal procedures and requirements that exist at the Board level." Id.
[24] See Conagra/Pilgrim's Pride v. Green, 2006 WL 3545284, No. 05A-06-002, at 6 (Del. Super. Oct. 31, 2006) ("The Board did not decide [Employer's] Motion to Dismiss on the merits and neither will this Court.").
[25] The Superior Court's discussion of the facts in Employer's underlying motion to dismiss had no bearing on the court's decision to affirm the Board's decision to grant Green's motion to withdraw her petition. Employer's second argument on appeal that the Superior Court erred in finding that the Board's decision was supported by substantial evidence is moot.