# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM F. LEWIS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N22A-01-001 FWW |
| | ) | |
| DELAWARE DEPARTMENT OF | ) | |
| TRANSPORTATION, DIVISION OF | ) | |
| MOTOR VEHICLES, and the | ) | |
| MERIT EMPLOYEE RELATIONS | ) | |
| BOARD, | ) | |
| | ) | |
| Appellees. | ) | |

Submitted: May 13, 2022
Decided: August 1, 2022

*Upon William F. Lewis' Appeal from the Decision and Order of the Merit Employee Relations Board,*
**AFFIRMED.**

## MEMORANDUM OPINION AND ORDER

Anthony N. Delcollo, Esquire, and Christopher J. Isaac, Esquire, OFFIT KURMAN, P.A., 222 Delaware Avenue, Suite 1105, Wilmington, DE 19801, Attorneys for Appellant William F. Lewis.

Allison J. McCowan, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North French Street, 6th Floor, Wilmington, DE 19801, Attorney for Appellee Department of Transportation.

**WHARTON, J.**

## I.  INTRODUCTION

Before the Court is the Appeal of William F. Lewis ("Lewis") from the Decision and Order of the Merit Employee Relations Board ("MERB") finding the Department of Transportation had just cause to terminate his employment with the Division of Motor Vehicles ("DMV") on the grounds of tardiness and absenteeism in violation of the DMV Absenteeism Policy after progressive discipline did not result in improved performance.  The MERB also concluded as a matter of law that Lewis was provided with the due process rights to which he was entitled under the merit rules and that his termination was appropriate to the circumstances.  On appeal, Lewis alleges that: (1) the MERB's refusal to allow testimony regarding earlier alleged violations of the Absenteeism Policy prejudiced him; (2) the MERB's actions in disallowing certain testimony violated his due process rights; and (3) the MERB's refusal to compel the production of badge swipe reports prejudiced him. For the following reasons, the Court concludes that the decision of the MERB is supported by substantial evidence and is free from legal error.  Accordingly, it is **AFFIRMED.**

## II.  FACTS AND PROCEDURAL HISTORY

The MERB made certain findings of fact in its Decision and Order which the Court summarizes here.[1]  Lewis was a Vehicle Lane Inspector Associate II with DMV.[2]  When he began work at DMV, he received a copy of DMV's Absenteeism Policy, and again when it was updated in July 2020.[3]

Lewis' documented history of tardiness and absenteeism began on May 15, 2019 when he received a verbal warning for reporting late to work that day.[4]  On November 27, 2019, he received another verbal warning for being tardy on November 22nd, 25th, and 27th.[5]  On June 3, 2020, Lewis received a written warning as a result of three unscheduled absences and four instances of tardiness between February 3 and June 3, 2020.[6]

On October 28, 2020, Lewis and DMV entered into a Memorandum of Understanding ("MOU") to resolve a pending disciplinary matter involving tardiness on June 29th, July 2nd, and July 7th.[7]  In the MOU, Lewis agreed to a three-day suspension, acknowledged that he understood DMV's Absenteeism

---

[1] Unless otherwise noted, the Court draws the facts in this section from the MERB's Findings of Fact in its Decision and Order dated December 6, 2021.  Citations formatted as "Rec., at __" refer to the Record of the MERB Docket No. 21-03-802 (Jan. 21, 2022).
[2] Rec., at 2.
[3] *Id.,* 2-3.
[4] *Id.,* at 3.
[5] *Id.*
[6] *Id.*
[7] *Id*.

Policy, and that any further violations of the Absenteeism Policy would be grounds for further discipline, up to and including dismissal.[8]

Lewis and DMV entered into a second MOU on December 7, 2020.[9] This MOU resolved violations of the Absenteeism Policy for being tardy on August 20th and 26th and an unexcused absence on September 1st.[10] In the MOU, Lewis agreed to a five-day suspension, again acknowledged that he understood the Absenteeism Policy and that and further violations of the Absenteeism Policy would be grounds for further discipline, up to and including dismissal.[11]

On December 11, 2020, the DMV wrote Lewis proposing termination as a result of additional unscheduled absences and instances of tardiness occurring after the five-day suspension had been proposed in September, but before the second MOU was signed.[12] The additional absences occurred on September 24th, October 5th through 7th, and October 23rd.[13] The tardiness incidents occurred on November 19th and 20th.[14] Of these six occurrences, three were substantiated.[15] Lewis was

---

[8] *Id.*
[9] *Id.*, at 3-4.
[10] *Id.*
[11] *Id.*, at 4.
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*

suspended with pay from December 11, 2010 until January 26, 2021 while the absences were investigated.[16]  He was terminated effective January 28, 2021.[17]

### III.  THE PARTIES CONTENTIONS

Lewis raises three issues in his appeal, all related.  First, he argues that the MERB improperly denied him the opportunity at the hearing to present testimony about prior progressive discipline imposed upon him.[18]  He contends that the Absenteeism Policy was applied against him in a biased fashion in retaliation for prior challenges he made to his supervisor.[19]  Specifically, Lewis hoped to show that at least four of the 16 prior incidents for which he was disciplined were unsupported by the facts.[20]  If he were able to succeed in that effort, he believes that he would not have been eligible for termination.[21]  His second argument is that the preclusion of this proffered testimony deprived him of his right to due process.[22]  Lewis' final argument is that he should have been provided with badge swipe records for the original 16 alleged violations for which he was disciplined.[23]  He sought these records in order to challenge the validity of those violations and support his claim

---

[16] *Id.*
[17] *Id.*
[18] Op. Br., at 7-9, D.I. 12.
[19] *Id.,* at 8.
[20] *Id.*
[21] *Id.,* at 9.
[22] *Id.*, at 9-10.
[23] *Id.,* at 11-12.

5

that at least some were unwarranted.[24]  Instead, he was only provided with the records for the seven most recent unresolved allegations.[25]

In response, DOT first points to what it refers to "deficiencies" in Lewis' Opening Brief.[26]  Specifically, it contends that nearly all of the citations in the Opening Brief are inaccurate and that Lewis' arguments are unsupported by citations to the record or the law.[27]  It urges the Court to deem the arguments waived or to disregard them.[28]  More substantively, DOT argues that all of the previous disciplinary sanctions were subject to either the first or second MOUs which, by their language, preclude challenge.[29]

## IV.    STANDARD AND SCOPE OF REVIEW

On appeal from an administrative board's final order, this Court must affirm the board's decision if it determines that it is supported by substantial evidence and is free from legal error.[30]  Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion.[31]  While a preponderance of evidence is

---

[24] *Id.*
[25] *Id.*
[26] Ans. Br., at 9-10, D.I. 16.
[27] *Id.*
[28] *Id.,* at 11.
[29] *Id.,* at 12.
[30] *Conagra/Pilgrim's Pride, Inc. v. Green*, 2008 WL 2429113, at *2 (Del. June 17, 2008).
[31] *Kelley v. Perdue Farms*, 123 A.3d 150, 153 (Del. Super. 2015) (citing *Person-Gaines v. Pepco Holdings, Inc.*, 981 A.2d 1159, 1161 (Del. 2009)).

6

not necessary, substantial evidence means "more than a mere scintilla."[32] Questions of law are reviewed *de novo*,[33] but because the Court does not weigh evidence, determine questions of credibility, or make its own factual findings,[34] it must uphold the decision of the board unless the Court finds that the board's decision "exceeds the bounds of reason given the circumstances."[35]

## V.  DISCUSSION

The Court has carefully examined Lewis' Opening Brief for specific citations to the record where he was denied the opportunity to present evidence challenging his previously adjudicated disciplinary infractions.  They are absent.  It is not the Court's responsibility to go on a scavenger hunt through the record to find support in it for a party's argument.  Failure to provide any factual and legal support an argument in an opening brief is grounds for treating it as waived, or for disregarding it or deeming it waived if only made in a reply brief.[36]  The Court also has searched for citations to the record where he was denied production of badge swipe reports

---

[32] *Breeding v. Contractors-One-Inc.*, 549 A.2d 1102, 1104 (Del. 1988).
[33] *Kelley*, 123 A.3d at 152–53 (citing *Vincent v. E. Shore Markets*, 970 A.2d 160, 163 (Del. 2009)).
[34] *Bullock v. K-Mart Corp.*, 1995 WL 339025, at *2 (Del. Super. May 5, 1995) (citing *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66–67 (Del. 1965)).
[35] *Bromwell v. Chrysler LLC*, 2010 WL 4513086, at *3 (Del. Super. Oct. 28, 2010) (quoting *Bolden v. Kraft Foods*, 2005 WL 3526324, at *3 (Del. Dec. 21, 2005)).
[36] *See, Ethica Corp., Finance S.R.L. v. Dana, Inc.*, 2018 WL 3954205, at * 3-4 (Del. Super. Ct. Aug. 16, 2018); *Lemper v. Delaware Board of Dentistry & Dental Hygiene,* 2017 WL 3278931, at *1 (Del. Super. CT. Jul. 31, 2017).

7

for those earlier violations. The Opening Brief does cite to his request for badge swipe reports, although incorrectly – "As a preliminary discovery matter the Appellant requested badge swipe reports to compare with the alleged violations of the Absenteeism Policy. Rec. at 12."[37] No such request is found at "Rec. at 12." But the Opening Brief does reference his Motion to Compel and the denial of that motion, albeit without specific reference to the record.[38] These inaccurate and missing citations are bothersome and would warrant treating Lewis' arguments as unsupported but for the fact that DOT does not appear to have been "sandbagged" by them and they are easily resolved by the Court.

In all three of his claims, Lewis complains that he was denied an opportunity to relitigate matters that were already resolved by either his first or his second MOU. In each of them he agreed to the proposed progressive discipline and agreed not to appeal that discipline.[39] If in fact the MERB limited the hearing to unresolved alleged violations of the Absenteeism Policy, that decision was manifestly correct. Lewis waived his right to contest that progressive discipline and was estopped from doing so at the hearing and is likewise estopped on appeal. Moreover, the past

---

[37] Op. Br., at 3, D.I. 12.

[38] *Id.* The motion and decision on the motion are located easily enough in the Record's index.

[39] Ans. Br., at 12 (citing Rec. 330-31; 336-37), D.I. 16.

8

violations, when coupled with the new ones determined at the hearing provide a sufficient factual basis to support Lewis' termination.

## VI.    CONCLUSION

For the reasons stated above, the Court finds that the MERB's decision is supported by substantial evidence and free from legal error and is **AFFIRMED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

9