# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LA'TISHA COPES,               )
                                       )

Employee-Below, Appellant,   )
                                       )

       v.                  )     ID No. N22A-05-001 FWW
                                       )

DELAWARE TRANSIT AUTHORITY,  )
                                       )

Employer-Below, Appellee.   )

Submitted: November 29, 2022
Decided: February 2, 2023

## MEMORANDUM OPINION

*On Appeal from the Industrial Accident Board:*
**AFFIRMED.**

James J. Haley, Jr., Esquire, FERRARA & HALEY, 1716 Wawaset Street, Wilmington, Delaware 19806, Attorney for Appellant La'Tisha Copes.

John J. Klusman, Esquire, TYBOUT, REDFEARN & PELL, 501 Carr Road, Suite 300, P.O. Box 2092, Wilmington, Delaware 19809, Attorney for Appellee Delaware Transit Authority.

**WHARTON, J.**

## I. INTRODUCTION

La'Tisha Copes ("Copes") filed a Notice of Appeal on May 2, 2022 seeking a review of the Industrial Accident Board's ("IAB") April 4, 2022 decision. Copes contends that the IAB erred when it denied her request to continue a merit hearing until after she had shoulder/acromioclavicular ("AC") surgery. She argues that this decision was an error because her surgeon's opinion could not be fully developed until after performing the surgery. Her employer, the Delaware Transit Authority ("DART") counters that the IAB properly exercised its discretion to deny the request and that its denial should be affirmed.

The Court must decide whether the IAB's decision is supported by substantial evidence and is free from legal error. Specifically, the Court must determine whether the IAB erred as a matter of law when it denied Copes' continuance request. Since the IAB's decision was a discretionary matter, the Court also must determine whether the decision to deny Copes' request was unreasonable or capricious.

Upon consideration of the pleadings and the record below, the Court finds that the IAB's decision was supported by substantial evidence, free of legal error, and neither unreasonable nor capricious. The IAB's decision is **AFFIRMED**.

\

1

## II. FACTUAL AND PROCEDURAL CONTEXT

Copes alleged that she was injured in a work related motor vehicle accident while she was driving a DART bus on January 23, 2021.[1] After the accident, Copes was transported to the emergency room where she complained of left shoulder, neck, back, and leg pain.[2] She was treated by several doctors, including two at First State Orthopedics - Dr. Lingenfelter (neck and low back) and Dr. Pushkarewicz (left shoulder).[3] Copes' shoulder care eventually transitioned from Dr. Pushkarewicz to Dr. Kahlon.[4]

Copes filed a Petition to Determine Compensation Due (the "Petition") for her injuries and a hearing was scheduled for June 29, 2021.[5] The hearing did not take place because Copes withdrew the Petition on May 21, 2021.[6] She refiled on September 8, 2021, and a new hearing was scheduled for January 5, 2022.[7]

A week before that scheduled hearing, Copes and her counsel learned that she needed AC joint surgery.[8] She requested a continuance to which DART agreed.[9]

---

[1] Copes' Op. Br. at 2, D.I. 13.
[2] *Id*. at 4.
[3] *Id*.
[4] *Id.* at 4–5.
[5] *Id.* at 2.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*

The hearing was rescheduled to March 7, 2022.[10]  After a follow up MRI was done on her left shoulder on January 25th, AC joint surgery was scheduled for April 11th.[11]

In light of the April 11th scheduled surgery, Copes asked for another continuance on February 25th, ten days before the rescheduled hearing on March 7th.[12]  She argued that, since the surgery was scheduled for several weeks after the hearing, her surgeon, Dr. Kahlon, would not be able to provide a full picture of her injuries at the scheduled hearing date.[13]  A hearing was held on March 3, 2022 to address Copes' continuance motion.[14]  DART opposed the continuance, pointing out that it had already expended a great deal of time and money in preparing for the hearing several times.[15]  Further, the IAB had enough before it to rule.[16]  DART did propose, however, that Copes could withdraw the Petition and refile once Dr. Kahlon supplied his opinion.[17]

---

[10] *Id.*
[11] *Id*. at 5.
[12] *Id.*
[13] *Id.* at 10.
[14] Legal Hearing on Claimant's Mot. for Continuance ("Tr. of March 3, 2022 Hearing"), App'x. to Op. Br. at A000006–33, D.I. 13.
[15] By this time, DART had incurred cancelled deposition fees for its medical expert in 2021 and would incur them for the March 7, 2022 hearing as well.  IAB Order on Claimant's Mot. for Continuance., App'x. to Op. Br. at A000034, D.I. 13.
[16] Tr. of March 3, 2022 Hearing, App'x. to Op. Br. at A000014–15, D.I. 13.
[17] *Id.* at A000015.

After considering the parties' submissions, the IAB announced its denial of Copes' motion to continue the hearing[18] and issued a written decision shortly thereafter documenting the oral ruling.[19] It found that Copes had adequate opportunity to review Dr. Kahlon's advice from December 29, 2021, and that both parties had deposed their medical experts in preparation for a hearing on the petition."[20] It found that Copes "has not offered good cause and/or extraordinary circumstances" that would justify a continuance.[21] In so finding, the IAB highlighted that while medical injuries evolve over time, "[t]his does not mean that a petition should be held open indefinitely for future treatment."[22] The IAB also reiterated that Copes could withdraw and re-file her Petition when she was prepared to proceed.[23]

Despite being given the option of withdrawing and refiling her Petition, Copes elected to proceed with the March 7, 2022 IAB hearing without Dr. Kahlon's testimony.[24] During that hearing, the IAB heard from Copes,[25] Copes' spine

---

[18] *Id.* at A000025.
[19] IAB Order on Claimant's Mot. for Continuance, App'x. to Op. Br. at A000034–37, D.I. 13.
[20] *Id.* at A000036.
[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] *See* Tr. of March 7, 2022 IAB Hearing on Petition to Determine Compensation Due ("March 7, 2022 IAB Hearing"), App'x. to Op. Br. at A000040–167, D.I. 13.
[25] *Id.* at A000045:12–103:5.

physician, Dr. Lingenfelter (via deposition),[26] and DART's physician, Dr. Andrew Gelman.[27] The IAB ultimately denied Copes' Petition.[28] This appeal followed.[29]

## III.   THE PARTIES' CONTENTIONS

The gravamen of Copes' argument is that the IAB erred when it denied her request for a continuance because Dr. Kahlon was unable to testify about the full extent of her injuries as she had not yet had surgery.[30] Copes argues that the denial was tantamount to denying her a full and fair hearing because she was "forc[ed]" to proceed without her surgeon's testimony.[31] She concedes that "nothing 'capricious' appears about [the IAB's] consideration," but claims that its denial was unreasonable.[32]

---

[26] *Id.*, Deposition of Dr. Lingenfelter at A00168–A00233.

[27] *Id.,* Deposition of Dr. Gelman at A00234–A00300.

[28] *La'Tisha Copes v. Delaware Transit Authority,* No. 1507923 (IAB Apr. 4, 2022), Record at Ex. 8, D.I. 8.

[29] Notice of Appeal, D.I. 1.

[30] Op. Br. at 9–11, D.I. 13.

[31] *Id.* at 11.

[32] *Id.* In her Reply Brief, Copes asks the Court to "affirm that 'compensability of the shoulder surgery is a separate issue' for which the claimant is still entitled to have a full and fair hearing, to include full consideration of Dr. Kahlon's opinion." (Reply Br. at 2, D.I. 15) The Court declines her request. In Copes' own words the question presented to the Court is "[w]as the Board's denial of Claimant's February 25, 2022 continuance motion 'unreasonable or capricious,' given that the opinion of her orthopedic surgeon regarding the AC joint injury could not be fully developed and presented until after her arthroscopic AC joint surgery scheduled for April 11, 2022?" (*Id.* at 6). Since the issue of surgical compensability was not raised by Copes in her Opening Brief, the Court will not consider it.

DART responds that Copes was not forced to proceed with the hearing, and that the IAB informed her that she could withdraw her petition and refile it after her surgery.[33] It also argues that the denial was appropriate because Copes failed to meet her burden of showing "good cause" sufficient to justify continuing the hearing.[34] Ultimately, DART claims that the IAB acted within its discretion and that its denial should be affirmed.[35]

## IV. STANDARD OF REVIEW

An IAB decision must be affirmed so long as "there is substantial evidence and no mistake of law."[36] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[37] In rendering its decision, the Court "[does] not weigh the evidence, determine questions of credibility, or make its own factual findings."[38] So, it must uphold the IAB's decision unless it "exceeds the bounds of reason given the circumstances, or where

---

[33] Ans. Br. at 1, 6–9, D.I. 14.
[34] *Id.* at 10.
[35] *Id.* at 10.
[36] *City of Newark v. Unemployment Ins. App. Bd.* 802 A.2d 318, 323 (Del. Super. Ct. 2002) (citing *Avon Products, Inc. v. Wilson*, 513 A.2d 1315, 1317 (Del. 1986)); *Conagra/Pilgrim's Pride, Inc. v. Green*, 954 A.2d 909, n 13 (Table) (Del. 2008).
[37] *Powell v. OTAC, Inc.*, 223 A.3d 864, 870 (Del. 2019) (quoting *Ross Foods v. Guardado*, 152 A.2d 114, 118 (Del. 2016)).
[38] *Id.* (quoting *Person-Gaines v. Pepco. Holdings, Inc.*, 981 A.2d 1159, 1161 (Del. 2009)).

6

rules of law or practice have been ignored so as to produce injustice."[39]  In reviewing an IAB decision, the Court must review the facts "in the light most favorable to the prevailing party below, resolving all doubts in its favor."[40]

When reviewing a discretionary ruling, such as the denial of a continuance request, the IAB's decision "will not be set aside unless that decision is unreasonable or capricious."[41]  The movant has the burden of proving that the IAB's denial of a continuance request was "unreasonable or capricious."[42]

## V.    DISCUSSION

The IAB's decision to grant or deny a continuance request is governed both by IAB Rule 12 ("Rule 12") and 19 *Del. C.* §2348.   Pursuant to 19 *Del. C.* §2348, when considering a continuance request that would push the hearing "beyond 180 days from the date of the petition, the party seeking the continuance must demonstrate that good cause for such an extension exists under a specific rule of the Industrial Accident Board and extraordinary circumstances exist which warrant the award of such continuance in the interests of justice."[43]  There are exactly 180 days

---

[39] *Bromwell v. Chrysler LLC*, 2010 WL 4513086, at *3 (Del. Super. Oct. 28, 2010) (quoting *Bolden v. Kraft Foods*, 889 A.2d 283 (Table) (Del., 2005)). *See also* 29 *Del. C.* § 10142(d).

[40] *Steppi v. Conti Elec., Inc.*, 991 A.2d 19 (Del. 2010) (Table) (quoting *General Motors Corp., v. Guy*, 1991 WL 190491, at *3 (Del. Super. Ct., Aug. 16, 1991).

[41] *In re Kennedy*, 472 A.2d 1317, 1331 (Del. 1984), cert. den., 467 U.S. 1205 (1984) (citations omitted).

[42] *In re Kennedy*, 472 A.2d at 1331.

[43] 19 *Del. C.* §2348(h)(2).

between September 8, 2021 (the date of re-filing) and March 7, 2022 (the scheduled hearing date). Granting the continuance request would have placed the hearing beyond the 180-day timeframe set forth in 19 *Del. C.* §2348(h), thus requiring Copes to demonstrate "good cause" and the existence of "extraordinary circumstances."

Rule 12(B)(1) defines "good cause" to include:

(a) the unavailability of a previously scheduled medical or other material witness;
(b) the unavailability of an attorney for a party due to a conflicting court appearance;
(c) the illness of a party, a party's attorney or a material witness (including, if appropriate, illness which affects the ability of necessary persons to participate in the deposition of a medical or other material witness);
(d) a justifiable absence from the State of a party, a party's attorney or material witness;
(e) a justifiable substitution of counsel for one party (this shall not include a transfer of files within a law firm);
(f) the unavailability of a medical witness whose deposition cannot be scheduled despite due and prompt diligence on the part of the requesting party;
(g) inadequate notice from the Department and/or the Board which would justifiably prevent a party from having a full and fair opportunity to be heard; and
(h) any other unforeseen circumstances beyond the control of the party seeking the continuance which would prevent the party from having a full and fair hearing.[44]

Rule 12(B)(2) defines "extraordinary circumstances" to include:

(a) the sudden unavailability of a previously scheduled medical or other material witness;
(b) an emergency mandatory court appearance which precludes the appearance of a party's attorney at the hearing;
(c) a serious personal or medical emergency on the part of a party or a party's attorney; and

---

[44] IAB Rule 12(B)(1).

(d) any other unforeseen circumstance beyond the control of the party seeking the continuance which would prevent the party from having a full and fair hearing.[45]

In considering Copes' request, the IAB considered the financial and timing consequences of a continuance (i.e., re-deposing experts and DART's already-accrued cancellation fees),[46] the fact that Copes had "adequate opportunity" to prepare,[47] and that the evolving nature of personal injury cases is not a *carte blanche* to have cases "held open indefinitely for future treatment."[48] The IAB also highlighted that Copes "is free to withdraw the petition and re-file it at a later date."[49]

The Court finds that the IAB's decision to deny Copes' continuance request on those grounds was not unreasonable or capricious. It was Copes' decision that resulted in the hearing being held when it was. She could have accepted the IAB's suggestion that she withdraw her petition and refile it after her surgery. Instead, she chose to proceed on the basis of her own testimony and that of Dr. Lingenfelter, both of which the IAB found unpersuasive.[50] Having received an unfavorable ruling from the IAB, she cannot now revisit her decision to go forward with the hearing.

---

[45] IAB Rule 12(B)(2).

[46] IAB Order on Claimant's Mot. for Continuance, App'x. to Op. Br. at A000035–36, D.I. 13.

[47] *Id.* at A000036.

[48] *Id.*

[49] *Id.*

[50] Ans. Br. at 3–4, D.I. 14.

DART correctly points out that Copes was requesting a continuance in the expectation that Dr. Kahlon would be able to provide a helpful post-surgical opinion.[51] However, whether that expectation is realized is merely "speculative" and does not establish grounds for a remand.[52] In fact, this Court has already found to the contrary - that, as here, claimants' failure to secure their own treating physicians' opinions on causation does not constitute "good cause" under 19 *Del. C.* §2348(h) or Board Rule 12.[53]

After considering the totality of circumstances presented to it, the IAB found that "[Copes] has not offered good cause and/or extraordinary circumstances for further delaying a hearing on the issue of initial compensability in this case."[54] Based on the record before it, the Court agrees.

## VI.  CONCLUSION

For the foregoing reasons, the Industrial Accident Board's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[51] *Id.* at 8.
[52] *Id.*
[53] *Id.* at 6–7 citing *Harris v. Citigroup Global Mark*, 2021 WL 5013825 (Del. Super. Ct. Oct. 28, 2021).
[54] *Id.*

10